UDALL|SHUMWAY
COUNSELORS AT LAW SINCE 1965

1138 NORTH ALMA SCHOOL ROAD, SUITE 101
MESA, ARIZONA 85201
Telephone: 480.461.5300 | Fax: 480.833.9392

Erin H. Walz – #023853
ehw@udallshumway.com
Attorney for Peoria Unified School District #11

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Regina Pangerl, individually and on behalf of T.P., | No. CV14-0836-PHX-JJT |
| Plaintiffs, | |
| v. | **DEFENDANT'S ANSWER** |
| Peoria Unified School District #11, | |
| Defendant. | |

NOW COMES the Defendant, PEORIA UNIFIED SCHOOL DISTRICT #11 (the "District"), and admits, denies or otherwise pleads in response to the Complaint as set forth herein.

1.     Admits the allegations in ¶ 1 of the Complaint.

2.     Admits the allegations in ¶ 2 of the Complaint.

3.     Admits the allegations in ¶ 3 of the Complaint.

4.     Admits the allegations in ¶ 4 of the Complaint.

5.     Admits the allegations in ¶ 5 of the Complaint.

### Jurisdiction and Venue

6.     Admits that this Court has jurisdiction pursuant to 20 U.S.C. § 1415(i)(2)(A) and (3).

7.     Admits the allegations in ¶ 7 of the Complaint.

### Exhaustion of Administrative Remedies

8.     Admits the allegations in ¶ 8 of the Complaint.

9.     Admits the allegations in ¶ 9 of the Complaint.

10.    Admits the allegations in ¶ 10 of the Complaint.

11.    This is not a factual allegation and thus no response is required.

12.    Admits the allegations in ¶ 12 of the Complaint.

13.    This is not a factual allegation and thus no response is required.

14.    Admits the allegations in ¶ 14 of the Complaint.

### The Individuals with Disabilities Education Act

15.    Paragraph 15 contains only legal conclusions to which no response is required.  The IDEA and its implementing regulations speak for themselves and all characterizations thereof are denied.

16.    Paragraph 16 contains only legal conclusions to which no response is required.  The IDEA and its implementing regulations speak for themselves and all characterizations thereof are denied.

17.    Paragraph 17 contains only legal conclusions to which no response is required.  The IDEA and its implementing regulations speak for themselves and all characterizations thereof are denied.

18.    Paragraph 18 contains only legal conclusions to which no response is required.  The IDEA and its implementing regulations speak for themselves and all characterizations thereof are denied.

19.    Paragraph 19 contains only legal conclusions to which no response is required.  The IDEA and its implementing regulations speak for themselves and all characterizations thereof are denied.

20.     Paragraph 20 contains only legal conclusions to which no response is required.   The IDEA and its implementing regulations speak for themselves and all characterizations thereof are denied.

21.     Paragraph 21 contains only legal conclusions to which no response is required.   The IDEA and its implementing regulations speak for themselves and all characterizations thereof are denied.

22.     Paragraph 22 contains only legal conclusions to which no response is required.   The IDEA and its implementing regulations speak for themselves and all characterizations thereof are denied.

23.     Paragraph 23 contains only legal conclusions to which no response is required.   The IDEA and its implementing regulations speak for themselves and all characterizations thereof are denied.

24.     Paragraph 24 contains only legal conclusions to which no response is required.   The IDEA and its implementing regulations speak for themselves and all characterizations thereof are denied.

25.     Paragraph 25 contains only legal conclusions to which no response is required.   The IDEA and its implementing regulations speak for themselves and all characterizations thereof are denied.

26.     Paragraph 26 contains only legal conclusions to which no response is required. If a response is required, the District denies same.

27.     Paragraph 27 contains only legal conclusions to which no response is required.   The IDEA and its implementing regulations speak for themselves and all characterizations thereof are denied.

28.     Paragraph 28 contains only legal conclusions to which no response is required.   The IDEA and its implementing regulations speak for themselves and all characterizations thereof are denied.

29.     Paragraph 29 contains only legal conclusions to which no response is required.   The IDEA and its implementing regulations speak for themselves and all characterizations thereof are denied.

30.     Paragraph 30 contains only legal conclusions to which no response is required. Any cited legal authority speaks for itself, and all characterizations thereof are denied.

31.     Paragraph 31 contains only legal conclusions to which no response is required. Any cited legal authority speaks for itself, and all characterizations thereof are denied.

32.     Paragraph 32 contains only legal conclusions to which no response is required. Any cited legal authority speaks for itself, and all characterizations thereof are denied.

33.     Paragraph 33 contains only legal conclusions to which no response is required. Any cited legal authority speaks for itself, and all characterizations thereof are denied.

34.     Paragraph 34 contains only legal conclusions to which no response is required. If a response is required, the District denies same.

35.     Paragraph 35 contains only legal conclusions to which no response is required. Any cited legal authority speaks for itself, and all characterizations thereof are denied.

36.     Paragraph 36 contains only legal conclusions to which no response is required.   The IDEA and its implementing regulations speak for themselves and all characterizations thereof are denied.

## Factual Background

37.     Admits the date of birth of T.P. As to the remainder of the allegations in ¶ 37, same are legal conclusions to which no response is required.   If a response is required, the District denies same.

4

38.     Admits the allegations in ¶ 38 of the Complaint.

39.     Admits the allegations in ¶ 39 of the Complaint.

40.     Admits the allegations in ¶ 40 of the Complaint.

41.     Admits the allegations in ¶ 41 of the Complaint.

42.     Admits that Administrative Law Judge Eric A. Bryant was assigned by the Arizona Office of Administrative Hearings to preside over the underlying action.

43.     Admits the allegations in ¶ 43 of the Complaint.

44.     The Amended Due Process Complaint speaks for itself and all characterizations thereof are denied.

45.     The Amended Due Process Complaint speaks for itself and all characterizations thereof are denied.

46.     The Amended Due Process Complaint speaks for itself and all characterizations thereof are denied.

47.     The Amended Due Process Complaint speaks for itself and all characterizations thereof are denied.

48.     The Amended Due Process Complaint speaks for itself and all characterizations thereof are denied.

49.     The Amended Due Process Complaint speaks for itself and all characterizations thereof are denied.

50.     The Amended Due Process Complaint speaks for itself and all characterizations thereof are denied.

51.     The Amended Due Process Complaint speaks for itself and all characterizations thereof are denied.

52.     The Amended Due Process Complaint speaks for itself and all characterizations thereof are denied.

53.     The Amended Due Process Complaint speaks for itself and all characterizations thereof are denied.

54.   The Amended Due Process Complaint speaks for itself and all characterizations thereof are denied.

55.   The Amended Due Process Complaint speaks for itself and all characterizations thereof are denied.

56.   Admits the allegations in ¶ 56 of the Complaint.

57.   The Amended Due Process Complaint speaks for itself and all characterizations thereof are denied.

58.   The Amended Due Process Complaint speaks for itself and all characterizations thereof are denied.

59.   The Amended Due Process Complaint speaks for itself and all characterizations thereof are denied.

60.   The Amended Due Process Complaint speaks for itself and all characterizations thereof are denied.

61.   The Amended Due Process Complaint speaks for itself and all characterizations thereof are denied.

62.   The Amended Due Process Complaint speaks for itself and all characterizations thereof are denied.

63.   The Amended Due Process Complaint speaks for itself and all characterizations thereof are denied.

## The IHO's Decision

64.   Admits that the Administrative Law Judge Bryant issued his decision on March 28, 2014 (the "OAH Decision").

65.   Admits the allegations in ¶ 65 of the Complaint.

66.   The OAH Decision speaks for itself, and all characterizations thereof are denied.  The District further denies the legal conclusions contained in this paragraph.

67.   The OAH Decision speaks for itself, and all characterizations thereof are denied.  The District further denies the legal conclusions contained in this paragraph.

68.    The OAH Decision speaks for itself, and all characterizations thereof are denied.  The District further denies the legal conclusions contained in this paragraph.

69.    Denies the legal conclusion in ¶ 69 of the Complaint, and further states that the OAH Decision was thorough and careful, and is entitled to deference.

70.    Denies the legal conclusions in ¶ 70 of the Complaint, and further states that the OAH Decision was thorough and careful, and is entitled to deference.

71.    Denies the legal conclusions in ¶ 71 of the Complaint, and further states that the OAH Decision was thorough and careful, and is entitled to deference.

72.    Denies the legal conclusions in ¶ 72 of the Complaint, and further states that the OAH Decision was thorough and careful, and is entitled to deference.

73.    Denies the legal conclusions in ¶ 73 of the Complaint, and further states that the OAH Decision was thorough and careful, and is entitled to deference.

74.    Denies the legal conclusions in ¶ 74 of the Complaint, and further states that the OAH Decision was thorough and careful, and is entitled to deference.

75.    Denies the legal conclusions in ¶ 75 of the Complaint, and further states that the OAH Decision was thorough and careful, and is entitled to deference.

76.    Denies the legal conclusions in ¶ 76 of the Complaint, and further states that the OAH Decision was thorough and careful, and is entitled to deference.

77.    Denies the legal conclusions in ¶ 77 of the Complaint, and further states that the OAH Decision was thorough and careful, and is entitled to deference.

78.    Denies the legal conclusions in ¶ 78 of the Complaint, and further states that the OAH Decision was thorough and careful, and is entitled to deference.

79.    Denies the legal conclusions in ¶ 79 of the Complaint, and further states that the OAH Decision was thorough and careful, and is entitled to deference.

80.    Denies the legal conclusions in ¶ 80 of the Complaint, and further states that the OAH Decision was thorough and careful, and is entitled to deference.

81.     Denies the legal conclusions in ¶ 81 of the Complaint, and further states that the OAH Decision was thorough and careful, and is entitled to deference.

82.     Denies the legal conclusions in ¶ 82 of the Complaint, and further states that the OAH Decision was thorough and careful, and is entitled to deference.

83.     Denies the legal conclusions in ¶ 83 of the Complaint, and further states that the OAH Decision was thorough and careful, and is entitled to deference.

84.     Denies the legal conclusions in ¶ 84 of the Complaint, and further states that the OAH Decision was thorough and careful, and is entitled to deference.

**First Cause of Action**

85.     The District incorporates its responses to the preceding paragraphs as though fully set forth herein.

86.     Denies the legal conclusions in ¶ 86 of the Complaint, and further states that the OAH Decision was thorough and careful, and is entitled to deference.

87.     Denies the legal conclusions in ¶ 87 of the Complaint, and further states that the OAH Decision was thorough and careful, and is entitled to deference.

88.     Denies the allegations in ¶ 88 of the Complaint.

89.     The District prays that this Court affirm the OAH Decision in its entirety, including as to the denial of relief requested by Plaintiffs, with the exception of 40 hours of math instruction.

**Second Cause of Action**

90.     The District incorporates its responses to the preceding paragraphs as though fully set forth herein.

91.     Denies the allegation in ¶ 91 of the Complaint as same misstates the outcome of the administrative hearing and the OAH Decision.

92.     Denies that Plaintiffs were the prevailing party in the administrative action, and denies that Plaintiffs are entitled to attorneys' fees pursuant to 20 U.S.C. § 1415(i)(3)(B).  The District further states that it offered 40 hours of compensatory math

1

2 instruction to Plaintiffs prior to their filing of the due process complaint, and reiterated

3 that offer numerous times including in the District's Post-Hearing Memorandum. The

4 OAH Decision accepted the District's offer of 40 hours of math instruction, and rejected

5 Plaintiffs request for more. That is the only relief Plaintiffs were awarded in the

6 administrative hearing.

7 **AFFIRMATIVE DEFENSES**

8 93. Except to the extent expressly admitted herein, each allegation of the

9 Complaint, whether express or implied, is denied.

10 94. Affirmatively alleges that Plaintiffs failed to timely and fully exhaust their

11 administrative remedies as to issues and claims not raised in the Due Process Complaint

12 and not raised before the Administrative Law Judge.

13 95. Affirmatively alleges that some or all of Plaintiffs' claims are barred by

14 the statute of limitations as enumerated in 34 C.F.R. § 300.507(a)(2), and as reflected in

15 the decision of the Administrative Law Judge.

16 96. Affirmatively alleges some or all of Plaintiffs' claims are barred due to

17 waiver and laches.

18 97. Affirmatively alleges that Plaintiffs were not the prevailing party in the

19 administrative action, and are not entitled to attorneys' fees pursuant to 20 U.S.C. §

20 1415(i)(3)(B).

21 98. Affirmatively alleges that the District offered the compensatory math

22 instruction on or before January 25, 2013, and that is the only relief the Plaintiffs were

23 awarded in the administrative hearing.

24 99. Affirmatively alleges that the Administrative Law Judge's decision was

25 thorough, careful, and is entitled to deference in this appeal pursuant to the IDEA.

26 **PRAYER FOR RELIEF**

27 WHEREFORE, the District prays that the Complaint be dismissed, that Plaintiffs

28 take nothing, that the Court affirm the OAH Decision in the Office of Administrative

Hearing proceedings, that the District be awarded its reasonable attorneys' fees and costs incurred in defending this action, and for such other and further relief as this Court deems just and proper.

DATED: this _____ day of September, 2014

UDALL, SHUMWAY & LYONS, P.L.C.

By: _____
Erin H. Walz
1138 North Alma School Road, Suite 101
Mesa, Arizona 85201
Attorneys for Peoria Unified School District #11

**CERTIFICATE OF SERVICE**

I hereby certify that on September _____, 2014, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system, which will send notification of such filing to all parties of record.

By: _____

4159462.1 / September 4, 2014
106766.1