

1138 NORTH ALMA SCHOOL ROAD, SUITE 101
MESA, ARIZONA 85201
Telephone: 480.461.5300 | Fax:  480.833.9392

Erin H. Walz - #023853
ehw@udallshumway.com
R. Scott Currey- # 013197
rsc@udallshumway.com
*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Regina Pangerl, individually and on behalf of T.P., <br><br> Plaintiffs, <br><br> v. <br><br> Peoria Unified School District, <br><br> Defendant. | Case No. CV-14-836-JJT <br><br> **PROPOSED CASE MANAGEMENT PLAN** |
|---|---|

NOW COME the parties, pursuant to the Court's "Order Setting Rule 16 Scheduling Conference," dated September 16, 2014, to jointly file this "Proposed Case Management Plan". The parties have met and conferred, by the deadline set out in the Court's Order, and the parties hereby state as follows:

1. **Nature of the Case**:

<u>Plaintiffs' Position</u>:  Given the nature of this case, being a judicial review of an Administrative Hearing, many of the provisions of this Case Management Plan to not apply or may not apply. However, the parties have done their best to respond to each of the required provisions.

Plaintiff filed this civil action following a ruling that was issued after an Administrative Hearing was held before the Arizona Office of Administrative Hearings.  Plaintiff previously filed a Due Process Complaint through the Arizona Department of Education under the Individuals With Disabilities Education Act ("IDEA").  That initial Complaint was later amended, and thereafter an Administrative Hearing was held.  Plaintiff brings forth this civil action because she was aggrieved by the findings and decision of the Administrative Law Judge ("ALJ"), whose findings and decision were erroneous, were unsupported by the facts, and were unsupported by the applicable federal statutes, Code of Federal Regulations, and applicable case law.  As a result of the ALJ's errors, he ruled in favor of the Defendant. IDEA allows aggrieved parties to bring forth a civil action for judicial review of an Administrative Hearing ruling in the United States Federal District Court.  20 U.S.C. § 1415(I)(1)(B)(2)(A).  Defendant filed an Answer to Plaintiff's Complaint, requesting the Court to affirm the ALJ's decision.

<u>Defendant's Position</u>:  This case is an appeal of an administrative decision made pursuant to the IDEA, 20 U.S.C. § 1415.  It is Defendant School District's position that the ALJ's March 18, 2014 decision should be affirmed by this Court.

The ALJ determined that the following were the issues presented by Plaintiff for determination at the due process hearing:

1) Did the School District fail to provide Student a FAPE in her 2010, 2011, and 2012 IEPs by failing to provide transition assessment and planning that offered her meaningful educational benefit.

2) Did the School District fail to provide Student a FAPE in her 2010 and 2011 IEPs by failing to implement portions of her transition plan.

2

3) Did the School District fail to provide Student a FAPE in her 2010, 2011, and 2012 IEPs by failing to address all of her speech-language needs through measurable goals.

4) Did the School District fail to provide Student a FAPE throughout 2011 by failing to provide an alternative speech therapy provider other than the two who were available to provide speech services to Student.

5) Did the School District fail to provide Student a FAPE in her 2011 IEP by changing the amount of speech therapy minutes from 100 minutes per week to 120 minutes per month.

6) Did the School District fail to provide Student a FAPE in her 2010 and 2011 IEPs by determining the amount of speech services without parental input.

7) Did the School District fail to provide Student a FAPE by failing to provide the amount of speech services required in her IEP for the months of August 2012, September 2012, December 2012 and January 2013.

8) Did the School District fail to provide Student a FAPE in 2012 by failing to provide the special education instruction minutes required by her IEP in math, reading, and writing.

9) Did the School District fail to provide Student a FAPE in November 2012 by continuing to conduct an IEP meeting and making IEP team decisions after Parents had left the meeting.

10) Did the School District fail to provide Student a FAPE in her 2012 IEP by failing to provide for Extended School Year ("ESY") services in Summer 2013.

11) Should the School District reimburse Parents for private education Student received by parental placement in Summer 2013 due to the failure of Respondent School District to provide ESY.

12) Should the School District compensate Student for lost transition education and services by paying for a 24-month special education program at a residential school that teaches independent living skills.

13) Should the School District provide Student compensatory education and services in the following amounts:
   Speech therapy: 104.5 hours
   Math instruction: 69 hours
   Reading instruction: 66 hours
   Writing instruction: 130 hours

3

14) Should the School District reimburse Parents for the private, independent transition evaluation they obtained from Gary M. Greene, Ph.D.

The Administrative Law Judge found no substantive or procedural violations that denied Student a FAPE, except for the failure to provide special education math instruction as conceded by Respondent School District. Compensatory education is awarded for that failure.

2. **List of Elements of Proof Necessary for Plaintiff's Counts of the Complaint & List of Defendant's Affirmative Defenses**.

Petitioners Elements of Proof:  Plaintiffs have identified 12 points of error in the administrative proceedings, which this Court reviews under 20 U.S.C. sec. 1415(i)(2). Those points of error are as follows: (i). The ALJ erred in finding that the IEP contained a substantively sufficient post high school transition component for the 2010, 2011 and 2012 IEPs. When assessing whether an [element of the IEP] complies with the IDEA, analysis is properly confined to the text contained within the four corners of the IEP document.  See, County Sch. Bd. of Henrico County, Virginia v. Z.P. ex rel. R.P., 399 F.3d 298, 306 (4th Cir. 2005)( affirming that "the hearing officer properly focused on what was actually contained in the written IEP when determining the appropriateness of that IEP"); Knable ex rel. Knable v. Bexley City Sch. Dist., 238 F.3d 755, 768 (6th Cir. 2001) (stating "The district court erred in relying on the [hearing officer's] finding that [the school district] had the capacity to offer [the child] appropriate placement. The district court should have limited its assessment to the terms of the draft IEP document itself. These omissions are substantive, and not merely procedural.  The specific contents of the IEP document provide an important protection to eligible students.  The Ninth Circuit made clear, in Union Sch. Dist. v. Smith, 15 F.3d 1519, 1526 (9th Cir. 1994), that: We find that formal requirement [of a specific offer of FAPE] has an important purpose that is not merely technical, and we therefore believe it should be enforced rigorously.  The requirement of a formal, written, offer creates a clear record that will do much to eliminate troublesome factual disputes many years later about when placements were

offered, what placements were offered, and what additional educational assistance was offered to supplement a placement, if any. Furthermore, a formal, specific, offer from a school district will greatly assist parents in "present[ing a] complaint with respect to any matter relating to the … educational placement of the child. Similarly, in Hall v. Vance County Bd. of Educ., 774 F.2d 629 (4th Cir. 1985), the judges found that a failure to provide an IEP document with the level of specificity required under the IDEA constituted a denial of FAPE. Further support for this specificity requirement can be found in the Notice of Interpretation promulgated at 34 C.F.R. Part 300 Appendix C (1998), pages 74 and 75. (ii). The ALJ erred in finding that the school district substantially implemented the 2011 and 2012 post high school transition components. (iii). The ALJ erred in finding that the 2010, 2011, and 2012 IEPs contained substantively sufficient speech goals to address Student's needs. Board of Educ. v. Rowley, 458 U.S. 176, 102 S.Ct 3034 (1982). Union Sch. Dist. v. Smith, 15 F.3d 1519, 1526 (9th Cir. 1994) (iv). The ALJ erred in finding that the school district substantially implemented the speech services in Student's 2011 IEP. Van Duyn ex rel. Van Duyn v. Baker Sch. Dist. 5J, 502 F.3d 811, 815 (9th Cir. 2007). A material failure to implement the IEP occurs where the loss is more than minor. Overruling the decision of Student's IEP Team concerning the need for compensatory educational services without substantial evidence in the record to do so and in direct contradiction of the evidence presented at the administrative hearing. Schaffer v. Weast, 546 U.S. 49, 51 126 S.Ct. 528, 531 (2005). Board of Educ. v. Rowley, 458 U.S. 176, 102 S.Ct 3034 (1982). (v). The ALJ erred in finding that the 2011 IEP provided substantively sufficient speech therapy to address Student's needs. Board of Educ. v. Rowley, 458 U.S. 176, 102 S.Ct 3034 (1982). Union Sch. Dist. v. Smith, 15 F.3d 1519 (9th Cir. 1994). (vi). The ALJ erred in finding that Student was not procedurally denied a FAPE where the 2010 and 2011 IEPs failed to sufficiently involve parents to the development of the IEP regarding speech needs. The IDEA seeks to make the considerations of a team of people closest to a student, especially the student's parents, the

offered, what placements were offered, and what additional educational assistance was offered to supplement a placement, if any. Furthermore, a formal, specific, offer from a school district will greatly assist parents in "present[ing a] complaint with respect to any matter relating to the … educational placement of the child. Similarly, in Hall v. Vance County Bd. of Educ., 774 F.2d 629 (4th Cir. 1985), the judges found that a failure to provide an IEP document with the level of specificity required under the IDEA constituted a denial of FAPE. Further support for this specificity requirement can be found in the Notice of Interpretation promulgated at 34 C.F.R. Part 300 Appendix C (1998), pages 74 and 75. (ii). The ALJ erred in finding that the school district substantially implemented the 2011 and 2012 post high school transition components. (iii). The ALJ erred in finding that the 2010, 2011, and 2012 IEPs contained substantively sufficient speech goals to address Student's needs. Board of Educ. v. Rowley, 458 U.S. 176, 102 S.Ct 3034 (1982). Union Sch. Dist. v. Smith, 15 F.3d 1519, 1526 (9th Cir. 1994) (iv). The ALJ erred in finding that the school district substantially implemented the speech services in Student's 2011 IEP. Van Duyn ex rel. Van Duyn v. Baker Sch. Dist. 5J, 502 F.3d 811, 815 (9th Cir. 2007). A material failure to implement the IEP occurs where the loss is more than minor. Overruling the decision of Student's IEP Team concerning the need for compensatory educational services without substantial evidence in the record to do so and in direct contradiction of the evidence presented at the administrative hearing. Schaffer v. Weast, 546 U.S. 49, 51 126 S.Ct. 528, 531 (2005). Board of Educ. v. Rowley, 458 U.S. 176, 102 S.Ct 3034 (1982). (v). The ALJ erred in finding that the 2011 IEP provided substantively sufficient speech therapy to address Student's needs. Board of Educ. v. Rowley, 458 U.S. 176, 102 S.Ct 3034 (1982). Union Sch. Dist. v. Smith, 15 F.3d 1519 (9th Cir. 1994). (vi). The ALJ erred in finding that Student was not procedurally denied a FAPE where the 2010 and 2011 IEPs failed to sufficiently involve parents to the development of the IEP regarding speech needs. The IDEA seeks to make the considerations of a team of people closest to a student, especially the student's parents, the

primary means of determining what is best for the student. Doug C. v. Hawaii DOE, 720 F.3d 1038, 1045 (9th Cir. 2013). As noted by the United States Supreme Court in Winkelman ex rel. Winkelman v. Parma City School Dist., 550 U.S. 516, 524 (2007) (internal citation omitted): The IDEA requires school districts to develop an IEP for each child with a disability with parents playing "a significant role" in this process. Parents serve as members of the team that develops the IEP. § 1414(d)(1)(B). The "concerns" parents have "for enhancing the education of their child" must be considered by the team. § 1414(d)(3)(A)(ii). . . . A central purpose of the parental protections proscribed under the IDEA is to facilitate the provision of a "free appropriate public education" § 1401(9), which must be made available to the child "in conformity with the [IEP]," § 1401(9)(D). (vii). The ALJ erred in finding that Student was not substantively denied a FAPE when the school district failed to sufficiently implement the speech services in Student's 2011 and 2012 IEP for the months of August 2012 through January 2013.(viii). The ALJ erred in finding that Student was not substantively denied a FAPE when the school district failed to sufficiently implement the math, reading and writing program required in the 2011 IEP. (ix). The ALJ erred in finding that Student was not procedurally denied a FAPE where the November 2012 IEP was completed without participation of parents and/or private school representatives. Failing to include parent and/or private services representative during the development of the IEP was a denial of FAPE. Doug C., v. Hawaii Department of Education, 720 F.3d 1038 (9th Cir. 2013). (x). The ALJ erred in finding that Student was not substantively denied FAPE where extended school year services were denied to Student in her 2012 IEP. Failing to include parent and/or private services representative during the development of the IEP was a denial of FAPE. Doug C., 720 F.3d 1038, 1044 (9th Cir. 2013). (xi) The ALJ erred in finding that Student was not procedurally denied FAPE where Student's eligibility for extended school year services was determined without sufficient participation of parents and/or

6

private services representatives. Doug C., 720 F.3d 1038, 1044 (9th Cir. 2013); and (xii) The ALJ denied Petitioners' request for reimbursement of the private transition assessment/evaluation.

Remedy: Reimbursement for private school is available where parents provided specially designed educational instruction to meet student's unique needs. C.B. ex rel. Baquerizo v. Garden Grove Unified Sch. Dist., 635 F.3d 1155, 1159-60 (9th Cir. 2011) cert. denied, 132 S. Ct. 500, 181 L. Ed. 2d 347 (U.S. 2011)(stating that parents "need only demonstrate that the placement provides educational instruction specially designed to meet the unique needs of a handicapped child …."). In Florence County Sch. Dist. Four v. Carter By & Through Carter, 510 U.S. 7, 114 S. Ct. 361, 126 L. Ed. 2d 284 (U.S.S.C. 1993), the Supreme Court set minimum criteria that must be met before a guardian may obtain reimbursement for the unilateral placement of a child in a private school.  A parent or guardian is "entitled to reimbursement only if a federal court concludes both (1) that the public placement violated the IDEA, and (2) that the private school placement was proper under the [IDEA]."  County of San Diego v. California Special Educ. Hearing Office, 93 F.3d 1458, 1466 (9th Cir. 1996)(citing Carter).

Remedy. Compensatory education is an equitable remedy that should be employed in this case to remedy the loss of social skills development and occupational therapy services.  Parents of Student W. v. Puyallup Sch. Dist., No. 3, 31 F.3d 1489, 1497 (9th Cir. 1994) (stating compensatory is "an equitable remedy, part of the court's resources in crafting 'appropriate relief.'

Remedy.  Reimbursement for transition assessment/evaluation as equitable relief for a district's failure to perform the required transition assessements/evaluations under IDEA.

Plaintiffs also rely upon any and all legal authority referenced or cited in the underlying administrative hearing action.

<u>Defendant's Elements of Proof:</u>  To be successful, Plaintiff must prove that the ALJ's decision is not supported by a preponderance of evidence or that the ALJ's decision is contrary to law. To be successful, Defendant must prove that the ALJ's decision is supported by a preponderance of evidence and is not contrary to law.

The issues in dispute before the ALJ are listed above at Defendant's Position in 1.

3. **<u>Factual and Legal Issues Genuinely in Dispute</u>**:  The facts and legal issues were previously presented in the proceeding before the Office of Administrative Hearings via witness testimony, the admission of exhibits, and the legal briefing that followed the closure of testimony.

In addition, Plaintiff contends that Defendant is not the prevailing party, as that decision must be made after completion of the judicial review of the Administrative Ruling.

Defendant contends that the factual and legal issues in dispute are as set forth above, in 1.b.

4. **<u>Jurisdictional Basis</u>**:  This Court has original jurisdiction over this matter, pursuant to 28 U.S.C. § 1331 and 20 U.S.C. § 1415(I)(1)(B)(2)(A).  Additionally, venue is appropriate, pursuant to 28 U.S.C. § 1391(b)(1), based upon where the Defendant resides; and venue is also appropriate pursuant to 28 U.S.C. § 1391(b)(2) based upon the judicial district where a substantial part of the events occurred that give rise to Plaintiff's claim.

5. **<u>Parties Not Yet Served</u>**:  All parties have been served.

6. **<u>Names of Parties Not Subject to the Court's Jurisdiction</u>**:  All parties are subject to jurisdiction of this court.

7. **<u>Dispositive Issues to be Decided by Pretrial Motions and Legal Issues Contemplated Regarding Such Pretrial Motions.</u>**

<u>Plaintiffs' Position:</u> Plaintiff anticipates filing a Motion to Supplement the Record with evidence Plaintiff could not present at the Administrative Hearing.  In addition, Plaintiff anticipates filing a Motion in Limine to exclude evidence obtained by the Defendant via subpoena and without proper

notice to Plaintiff, resulting in prejudice and harm and to exclude other evidence that should not have been admitted at the administrative hearing.

<u>Defendant's Position:</u>  Defendant does not believe Motions in Limine are appropriate in this matter.

Under the IDEA, the District Court receives the record from the administrative proceedings and is authorized to hear additional evidence at the request of a party.  20 U.S.C. § 1415(e)(2).  The statutory provision for hearing "additional evidence" does not authorize witnesses at trial to repeat or embellish prior administrative testimony.  *Ojai Unified School District v. Jackson*, 4 F.3d 1467, 1472 (9th Cir. 1993).

Permissible reasons for supplementation are to fill gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of a evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing.  *Id*. at 1472-73.

The Ninth Circuit has indicated a practical approach is that an administrative hearing witness is rebuttably presumed to be foreclosed from testifying at trial.  *Id*.  A district court "should weigh heavily the important concerns of not allowing a party to undercut the statutory role of administrative expertise, the unfairness involved in one party reserving its best evidence for trial, the reason the witness did not testify at the administrative hearing, and the conservation of judicial resources."  *Id*.

No interrogatories, requests for admissions, or subpoenas are necessary or appropriate in this limited appeal proceeding.  The Plaintiff cannot simply attempt to re-litigate the issues already determined because they did not like the result.  Otherwise this action will simply devolve into a trial de novo, which is not permitted.  *Id*.

8. **Referral to U.S. Magistrate Judge or Special Master**:  The parties do not agree to a referral to a U.S. Magistrate or a Special Master.

9. **Status of Related Cases**:  There are no other related cases that are pending before other judges of this Court of other courts.

10. **Suggested Changes to the Rule 26(a) Disclosure Rules**:  The parties hereby agree that at this time they have no proposals for changes to Rule 26(a).

11. **Proposed Deadlines for the Following**:

a. Motions to Amend Complaint and Join Additional Parties:

Plaintiff's Position:  December 31, 2014.

Defendant's Position:  November 15, 2014.

b. Disclosure of Expert Testimony by the Plaintiff:  The parties agree no additional expert testimony is anticipated at this time.

c. Disclosure of Expert Testimony by the Defendant:  The parties agree no additional expert testimony is anticipated at this time.

d. Disclosure of Rebuttal Expert Testimony:

Plaintiff's Position as to d.:  The only rebuttal expert testimony that Plaintiff anticipates may need to be disclosed is with regard to the Plaintiff's anticipated Motion to Supplement the Record and relating to the addition of rebuttal evidence.  The deadline for such disclosure should be the date of the filing of Plaintiff's brief.

Defendant's Position as to d.:  Defendant objects to the disclosure or admission of additional expert testimony.

10

e. <u>Disclosure of Witnesses, Exhibits, and Other Matters</u>: Witnesses and exhibits were already disclosed in the underlying administrative action. Evidence in the form of testimony and exhibits was taken by the ALJ.

<u>Plaintiff's Position as to e.</u>: Plaintiff expects to have additional witnesses and exhibits to disclose in relation to the Motion Plaintiff will be filing to supplement the record, and to rebut evidence that was presented in the Defendant's case in chief at the Administrative Hearing, and which Plaintiff was not allowed to rebut at that Hearing.

<u>Defendant's Position as to e.</u>: Defendant objects to supplementing the administrative record.

f. <u>Closure of All Discovery</u>:

<u>Plaintiff's Position as to f.</u>: Because this matter involves only a judicial review of an Administrative Ruling, the parties agree that discovery does not apply except for that discovery related to narrowing the issues in dispute, including the use of interrogatories, admissions, and requests for production of documents.

<u>Defendant's Position as to f.</u>: As this is a review of an administrative decision, Defendant object to any additional discovery in this matter.

g. <u>Completing Good Faith Discussions of Settlement</u>: Counsel for agree to engage in and continue good faith discussions throughout the pendency of this action.

h. <u>Filing Dispositive Motions</u>:

<u>Plaintiff's Position as to h.</u>: The parties hereby stipulate and agree that the Court should order a briefing schedule after Plaintiff's Motion to Supplement the Record and Plaintiff's Motion in Limine to Exclude Evidence have been heard and resolved. Plaintiffs should have until December 31, 2014 to file any Motions to Supplement the Record or Motions in Limine. The parties agree that Plaintiff should have 60 days after the last ruling on any Motions in which to file the Opening Brief; that Defendant

should have 60 days after the filing of Plaintiff's Opening Brief to file its Answering Brief; and that Plaintiff should have 30 days after the filing of Defendant's Answering Brief to file a Reply Brief.

<u>Defendant's Position as to h.</u>:  Parties have 30 days from the Pretrial Scheduling Conference to file Motions to Supplement Record and other Evidentiary Motions. Once Motions have been decided, parties have 60 days to file simultaneous opening briefs and 30 days thereafter to file simultaneous responding briefs.

    i.    <u>Filing of Joint Proposed Pretrial Order and Pretrial Motions</u>:

<u>Plaintiff's Position as to i.</u>:  The parties hereby stipulate and agree that the Hearing has already been held; the parties are not seeking a trial in this matter; the parties are simply seeking judicial review of the Administrative record, along with Plaintiff seeking to supplement that record. Therefore, the parties agree and stipulate that a joint proposed pretrial Order and pretrial Motions will not be necessary.

<u>Defendant's Position as to i.</u>:  The parties will file a joint proposed Pretrial Order if the Court so orders.

12.    **Scope of Discovery**:

<u>Plaintiff's Position</u>:  It is Plainitff's position that discovery should be performed in order to narrow the issues in dispute, including the use of interrogatories, admissions, and requests for production of documents.

<u>Defendant's Position</u>:  Defendant objects to any additional discovery.

13.    **Suggested Changes in the Limitations on Discovery**:  The parties agree that at this time they are not expecting any changes in discovery limitations to be necessary.

14.    **Estimated Length of Trial**:  The parties are not seeking a trial in this matter.

15.    **Jury Trial**:  Not applicable.

16.    **Prospects for Settlement**:

Plaintiff's Position:  Counsel for both parties have just been retained, and thus counsel have not yet had an opportunity to discuss the prospects for settlement, but agree to act in good faith to engage in settlement discussions.

Defendant's Position:  Defendant desires a settlement conference before a Judicial Officer.

17.   **Class Actions**: This is not a class action case.

18.   **Complex Track for Case Management**:  This case does not involve unusual, difficult, or complex problems necessitating the need for complex track case management.  This is a judicial review of the Administrative Hearing Officer's final decision.

19.   **Any Other Matters**: The parties are not aware of any other matters that need to be brought to the Court's attention at this time.

RESPECTFULLY submitted this 20th day of October 2014


Keith H.S. Peck                                              Udall Shumway

   /s/ Keith H.S. Peck                                          /s/ Erin H. Walz                .
By:   Keith H.S. Peck                                       By:   R. Scott Currey
      *Attorney for Plaintiff*                                     Erin H. Walz
                                                                   *Attorneys for Defendant*


### CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2014, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and that an electronic copy was transmitted to the following ECF Registrants:

By:   /s/ Erin H. Walz                .
      Erin H. Walz