**UDALL | SHUMWAY**
COUNSELORS AT LAW SINCE 1965

1138 NORTH ALMA SCHOOL ROAD, SUITE 101
MESA, ARIZONA 85201
Telephone: 480.461.5300 | Fax: 480.833.9392

Erin H. Walz – #023853
ehw@udallshumway.com
R. Scott Currey- # 13197
rsc@udallshumway.com
Attorney for Peoria Unified School District #11

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Regina Pangerl, individually and on behalf of T.P., <br><br> Plaintiff, <br><br> v. <br><br> Peoria Unified School District #11, <br><br> Defendant. | No. CV14-0836-PHX-JJT <br><br> **RESPONSE TO PLAINTIFF'S MOTION FOR SUPPLEMENTAL RULE 16 CONFERENCE** |

Comes now Defendant Peoria Unified District, (The District), by and through its counsel and responds to Plaintiffs' Motion for Supplemental Rule 16 Conference as follows.

**PRESENT STATUS OF CASE**

Plaintiff filed three motions with this Court on February 9, 2015: a second motion for extension of time to file motions, a motion for sanctions and a motion for a supplemental rule 16 conference- the motion responded to herein. On February 10, 2015, this Court granted Plaintiff's motion for extension, allowing Plaintiffs until April 20,

2015 to file motions in limine and motions to supplement the administrative record pursuant to Plaintiff's IDEA appeal.

Also on February 10, 2015, the District filed its Notice of No Objection Re: Plaintiffs' Motion for Leave to File Amended Complaint.

## STATEMENT OF CASE

The administrative hearing upon which Plaintiff's IDEA claim arises was conducted over 12 days in the fall of 2013. The administrative decision from which Plaintiff appeals was filed on March 18, 2014. Plaintiff filed her complaint in this matter *pro se* on April 21, 2014 after ending her relationship with Ms. Wendy Housman, a California attorney and Richard J. Murphy, an Arizona attorney, both of whom had represented Plaintiff during the administrative proceeding in this matter.

The District was served with Plaintiff's complaint on or about August 18, 2014 and filed its answer on September 8, 2014. On September 30, 2014, this Court entered an order granting a motion for admission pro hac vice filed by Mr. Keith Peck of Hawaii to represent Plaintiff.

On October 20, 2014, the parties jointly filed a proposed case management plan. The proposed case management plan stated that this case was in the nature of a judicial review of an administrative hearing and therefore many of the provisions of a typical case management plan would not apply. In the proposed plan, Plaintiff represented that she intended to file a motion to supplement the record with additional evidence and also file motions in limine (Doc. #16).

At the scheduling conference a week later on October 27, 2014, this court issued an agreed upon briefing schedule. The briefing schedule required Plaintiff to file her evidentiary motions by December 15, 2014 (Doc. #19).

2

On November 14, 2014, the Arizona Office of Administrative Hearings (OAH) issued a Certification of Record on Review notifying Plaintiff that, "a CD-ROM disk of the entire record of the administrative proceedings" was ready for pick up at the OAH Office. The notice was served on Plaintiff by email and by mail on both of the attorneys that had represented her at the administrative hearing. On December 10, 2014 Plaintiff, who is an attorney, filed an appearance as co-counsel in this matter. (See Doc. #20).

Two days later, on December 12, 2014, Plaintiff, representing herself, filed an emergency motion for extension of time to file her motions in limine and motions to supplement the record then due on December 15, 2014.One of the reasons given for the requested extension was that the administrative record from the proceedings below had not been available to her until December 4, 2014. She also stated that she had detected numerous errors in the administrative record that needed to be addressed and that conflicts with her counsel Keith Peck had interfered with her ability to, "properly and timely prosecute this action". Mr. Peck withdrew as Plaintiff's Counsel on January 5, 2015.

Plaintiffs' emergency motion was granted without response from the District on December 12, 2014. In its notice of electronic filing, this court extended the deadlines in this matter as requested by Plaintiff.

On January 1, 2015, Mr. Robert C. Thurston from Pennsylvania filed an appearance as counsel on behalf of Plaintiff. On January 12, 2015, Plaintiff's counsel indicated to the undersigned that he was having problems bates stamping the administrative record in preparation for filing with this Court. On January 26, 2015, Plaintiff filed her motion for leave to file amended complaint. Her proposed amended complaint added claims of discrimination based on both state and federal law. On February 9, 2015, Plaintiff, as an attachment to her motion for supplementary rule 16 conference, filed a Case Management Order [Proposed]. This proposed case management order ignores completely that one of plaintiff's claims is an appeal of an

3

administrative decision based on the record. Plaintiff's proposed order appears to open up all of Plaintiff's claims to additional disclosure of evidence and discovery without regard to the statutory requirements for requesting additional evidence to be added to the record found in the IDEA. (*See* 20 U.S.C. 1415(i)(2)(C).)

As indicated above, Plaintiff's new deadline to file evidentiary motions related to her IDEA appeal is April 20, 2015.

### **PLAINTIFF'S MOTION FOR SUPPLEMENTAL RULE 16 CONFERENCE**

The District is not opposed to this court setting a supplemental Rule 16 conference, but believes such a conference would be most helpful after Plaintiff's expected motions in limine and motions to supplement the administrative record are determined. Motions due on April 20, 2015 go only to Plaintiff's IDEA appeal. Simultaneous briefs due on August 14, 2015, again go only to Plaintiff's IDEA appeal and not to her discrimination claims.

Plaintiff's amended complaint includes two distinctive types of claims. The first is Plaintiff's original IDEA appeal based on an administrative record. That record, of course, can be supplemented, but only if specific requirements are met. In the Ninth Circuit those requirements were stated in *Ojai Unified School Dist.* v. *Jackson,* 4 F.3d 1467 (9th Cir., 1993). In that case, the court stated:

> As we already have pointed out, the IDEA provides that "the court shall receive the records of the administrative proceedings, shall bear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate. 20 U.S.C. § 1415(e)(2) (emphasis added). This court has not yet contrasted the scope of the statute's "additional evidence" provision. In its well-reasoned decision on this issue, the First Circuit held that:
>
> We construe "additional" in the ordinary sense of the word, \***1473** *Perrin v Unites States*, 444 U.S. 37, 42, 100 S.Ct. 311, 314, 62

4

> L.Ed.2d 199 (1980), to mean supplemental. Thus construed, this clause does not authorize witnesses at trial to repeat or embellish their prior administrative hearing testimony; this would be entirely inconsistent with the usual meaning of "additional." We are fortified in this interpretation because it structurally assists in giving due weight to the administrative proceeding, as *Rowley* requires. *Rowley*, 458 U.S. at 206, 102 S.Ct. at 3051.
>
> The reasons for supplementation will vary; they might include gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing. The starting point for determining what additional evidence should be received, however, is the record of the administrative proceeding.
>
> The determination of what is "additional" evidence must be left to the discretion of the trial court which must be careful not to allow such evidence to change the character of the hearing from one of review to a trial *de novo*. A practicable approach, we believe, is that an administrative hearing witness is rebuttably presumed to be foreclosed from testifying at trial…. In ruling on motions for witnesses to testify, a court should weigh heavily the important concerns of not allowing a party to undercut the statutory role of administrative expertise, the unfairness involved in one party's reserving its best evidence for trial, the reason the witness did not testify at the administrative hearing, and the conservation of judicial resources.
>
> *Town of Burlington,* 736 F.2d at 790-791 (footnotes omitted). We agree with the First Circuit's exposition of this statutory provision, and we adopt its standard for the admission of additional evidence in IDEA cases.
>
> 4 F.3d at 1472-1473.

It is Plaintiff's responsibility to show how the additional evidence she wishes this Court to consider for purposes of her IDEA appeal meets the above standard. Under the current briefing schedule, Plaintiff will present her argument as to why she should be allowed to add evidence and specifically what evidence she wishes to add to the administrative record by April 20, 2015. It is unclear how eliminating this briefing

schedule will keep this case moving forward or assist the Court in making a final and timely determination of Plaintiff's IDEA appeal. It makes much more sense to keep the present briefing schedule in place to allow evidentiary issues to be decided as soon as possible.

Plaintiff's new claim is a claim of discrimination on the basis of disability. The Plaintiff is not limited to the record in attempting to prove up this claim. Plaintiff's proposed case management order ignores the different evidentiary character of these two claims and appears to open up both claims to new evidence without regard for the administrative record.

IDEA appeals are typically decided on briefs. This makes sense in that these appeals are limited to the administrative record, whether or not that record has been supplemented. This Court's order granting Plaintiff's second motion for extension provides for simultaneous briefing on the IDEA appeal due on August 14, 2015 with responses due on September 4, 2015. The outcome of the Plaintiff's IDEA appeal will undoubtedly simplify litigation of Plaintiff's remaining claims and contribute to the overall efficiency of continued litigation. This is another reason to move forward with the IDEA appeal first.

In her motion for a supplemental Rule 16 conference, Plaintiff again refers to allegations made in her motion for sanctions. Again, Plaintiff indicates that she was stymied in submitting the administrative record in this matter due to the undersigned's actions. As indicated in the District's response to Plaintiff's motion for sanctions, the February 6, 2015 email between the court reporter, Plaintiff's counsel and the undersigned simply does not support Plaintiff's fabricated "subterfuge".

Again it must be noted that Plaintiff made no serious effort to get the administrative record filed until the middle of January, after she had obtained her third and present counsel in this matter. Hopefully, Plaintiff will manage to get the administrative record filed in this matter shortly. Additionally, it is hoped that the

6

present briefing schedule will remain intact allowing for a timely resolution of this matter.

Based on the foregoing, the District asks that this court schedule a supplemental Rule 16 conference after the briefing schedule referred to in its February 10, 2015 order has been completed.

DATED: this 12th day of February, 2015

UDALL, SHUMWAY, P.L.C.


By:   /s/ R. Scott Currey
R. Scott Currey
Erin H. Walz
1138 North Alma School Road, Suite 101
Mesa, Arizona  85201
Attorneys for Peoria Unified School District #11

**CERTIFICATE OF SERVICE**

I hereby certify that on February 12, 2015, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system, which will send notification of such filing to all parties of record.

Regina M. Pangerl
Pangerl Law Firm, P.L.L.C.
12020 North 35th Avenue, Suite 104
Phoenix, Arizona 85029
Counsel for Plaintiffs
regina@pangerllaw.com

Robert C. Thurston, Esq. (Pro Hac Vice)
Thurston Law Offices LLC
1106 Whitehall Drive
Doylestown, PA 18901-5824
Counsel for Plaintiffs
rthurston@schoolkidslawyer.com

By:   *Michelle Barraza*

4246129.1 /February 12, 2015/109346.3