UDALL|SHUMWAY
COUNSELORS AT LAW SINCE 1965

1138 NORTH ALMA SCHOOL ROAD, SUITE 101
MESA, ARIZONA 85201
Telephone: 480.461.5300 | Fax: 480.833.9392

Erin H. Walz – #023853
ehw@udallshumway.com
Cathleen M. Dooley - #022420
cmd@udallshumway.com
Attorney for Peoria Unified School District #11

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Regina Pangerl, individually and on behalf of T.P., <br><br>Plaintiff,<br><br>v.<br><br>Peoria Unified School District #11,<br><br>Defendant. | No. CV14-0836-PHX-JJT <br><br> **DEFENDANT'S RESPONSE TO MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD** |

COMES NOW the Defendant, PEORIA UNIFIED SCHOOL DISTRICT #11 (the "District"), and by and through its undersigned counsel, responds to Plaintiff's Motion to Supplement the Administrative Record (Plaintiff's Motion).

**I.   INTRODUCTION**

Plaintiff's Motion must be denied. Plaintiff has not met the requisite standard to supplement the record in an IDEA appeal. Plaintiff does not adequately and specifically describe the "new" evidence she wishes to add to the record, instead generally stating that witnesses who testified at the administrative hearing should be allowed to testify further. Plaintiff makes no attempt to explain *why* these witnesses should be allowed to

testify *again*. With the exception of the addition to the record of Exhibits S52 and S80, described herein, Plaintiff's Motion should be denied.

## II. LEGAL STANDARD

The standard for admission of additional evidence in an Individuals with Disabilities Education Act (IDEA) appeal was established by the Ninth Circuit in *Ojai Unified Sch. Dist. v. Jackson*. 4 F.3d 1467 (9th Cir. 1993). In *Ojai*, the Ninth Circuit adopted the First Circuit's reasoning in considering the "additional evidence" provision of the IDEA and held that though supplementation is necessary at times, at the discretion of the trial court, the court must not allow supplementation to transform the appeal into a trial de novo. *Ojai*, 4 F.3d at 1473 (citing *Town of Burlington v. Dept. of Educ.*, 736 F. 2d 773, 791 (1st Cir. 1984)). Specifically, the *Ojai* court examined the scope of the IDEA's additional evidence provision and held:

> We construe "additional" in the ordinary sense of the word, *Perrin v. United States,* 444 U.S. 37, 42, 100 S. Ct. 311, 314, 62 L.Ed.2d 199 (1980), to mean supplemental. Thus construed, **this clause does not authorize witnesses at trial to repeat or embellish their prior administrative hearing testimony**; this would be entirely inconsistent with the usual meaning of "additional." We are fortified in this interpretation because it structurally assists in giving due weight to the administrative proceeding, as *Rowley* requires. *Rowley,* 458 U.S. at 206, 102 S. Ct. at 3051.
>
> \* \* \* \* \* \*
>
> **The determination of what is "additional" evidence must be left to the discretion of the trial court which must be careful not to allow such evidence to change the character of the hearing from one of review to a trial de novo.** A practicable approach, we believe, is that an administrative hearing witness is rebuttably presumed to be foreclosed from testifying at trial.... In ruling on motions for witnesses to testify, a court should weigh heavily the important concerns of not allowing a party to undercut the statutory role of administrative expertise, the unfairness involved in one party's reserving its best evidence for trial, the reason the witness did not testify at the administrative hearing, and the conservation of judicial resources.

*Id.*, at 1472-73 (emphasis added).

Based on this standard, a witness who testifies at the administrative hearing is presumed to be "foreclosed" from providing additional evidence before the reviewing court. Both Ms. Pangerl and T.P., the two witnesses Plaintiff states she wants to call on to provide additional evidence before this Court, testified at the administrative hearing. Plaintiff provides no explanation as to why these witnesses could not have presented the testimony with which she now wishes to supplement the record at the administrative hearing.

Plaintiff's request violates the premise of *Ojai* because it would force the reviewing court to change the character of the hearing from one of review to a trial de novo. *Id.* at 1473. The party wishing to present new evidence cannot undercut the statutory role of administrative expertise or save its best evidence for the reviewing court. Furthermore, the party requesting to supplement the record must state why the requested testimony was not presented at the administrative hearing.

In *Ojai*, the Ninth Circuit articulated reasons that an administrative record may need to be supplemented on appeal:

> The reasons for supplementation will vary; they might include gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing. The starting point for determining what additional evidence should be received, however, is the record of the administrative proceeding.

*Id.* at 1473. Plaintiff's request does not rely on these possible reasons for supplementation except to the extent that she argues that the ALJ improperly excluded some evidence, which is addressed below. Plaintiff does not seek to supplement with after-acquired relevant evidence, nor were the witnesses unavailable.

Plaintiff argues that the Ninth Circuit has allowed additional evidence in IDEA cases when "the ALJ did not allow in available evidence because of time constraints or

3

other procedural errors." (Pl's Mot. 3). However, of the three cases she cites to support this argument, two do not deal with the admission of additional evidence (*J.W. v. Fresno Unified Sch. Dist.*, 626 F.3d 431 (9th Cir. 2010) and *R.B. v. Napa Valley Unified Sch. Dist.*, 496 F.3d 932 (9th Cir. 2007)) and the third, *Ojai*, does not deal with time constraints or procedural errors, but is a straightforward request to add evidence to the administrative record.

Plaintiff is asking this Court to admit seventy-nine pieces of rebuttal evidence. (Pl's Mot. Ex. B). All evidence listed in Plaintiff's Exhibit B appears to have been available to Plaintiff at the time of the administrative hearing. Plaintiff fails to articulate a reason that she failed to present this evidence during the hearing. In addition, she fails to adequately identify the specific evidence she wishes to rebut - mostly testimony from District witnesses - or indicate where it is located in the record. The descriptions of the evidence Plaintiff wishes to rebut are general in nature, as are the descriptions of the additional evidence she wishes to present as rebuttal.

For example, Plaintiff states that she wishes to rebut, "David Boone's Testimony re: TP's work/progress in his Econ. Class" or "Evidence to Rebut Buckler's testimony that parents didn't want T.P. to learn/did not think she could learn." Without more, it is difficult, if not impossible, for the District or this Court to determine whether Plaintiff's proposed additional evidence should be admitted.

As indicated, Plaintiff states that some of the additional evidence she wishes to present was offered during the administrative hearing, but was rejected by the Administrative Law Judge (ALJ). However, again, she fails to specifically identify the rejected evidence or indicate where in the record the ALJ denied the admission of said evidence.

Essentially, Plaintiff's Motion is an after-the-fact attempt to add evidence to the record that was known to Plaintiff at the time of the hearing, but that Plaintiff chose not to submit. It appears that upon reflecting on the existing record below, Plaintiff now

wishes to bolster arguments that were unsuccessful before the ALJ with evidence that although available, for whatever reason was not offered during the hearing.

### III. PLAINTIFF SEEKS TO ADD TWO CATEGORIES OF EVIDENCE TO THE ADMINISTRATIVE RECORD

#### A. Evidence Admitted But Missing From the Administrative Record

Plaintiff seeks to add two audio recordings that were admitted into evidence yet apparently were not forwarded to this Court with the administrative record. The first, Exhibit S52, is a recording made by Plaintiff of T.P.'s November 29, 2012 IEP meeting and a partial transcript of the audio recording prepared by Plaintiff. (AR 4336). The ALJ admitted the audio recording but not the transcript. (AR 5872). The District agrees that Exhibit S52 should have been included in the administrative record. However, the partial transcript was not admitted at the administrative level and Plaintiff has articulated no reason under the *Ojai* standard that it should be added now.

Plaintiff also requests permission to have a certified court reporter transcribe the audio recording, "for ease of use in these proceedings." The appropriate procedure, if Plaintiff wanted a transcription of this recording in the record, would have been to introduce a certified transcription at the time of the hearing or attach a transcription of the recording as an exhibit to this Motion to Supplement. Plaintiff's request for additional time now to transcribe Exhibit S52 will serve no purpose other than further delay of this matter.

Exhibit S80, the second exhibit Plaintiff claims was not provided to this Court with the administrative record, is an audio recording of an IEP meeting for another of Plaintiff's children. Exhibit S80 was admitted by the ALJ for the limited purpose of impeachment. (AR 7684-85). The District agrees that Exhibit 80 should have been included in the administrative matter.

Plaintiff also claims a number of other exhibits – S75, S76, S77, S78 and S79 – were entered into evidence yet were not forwarded to this Court as part of the

5

administrative record. Plaintiff is mistaken. On the last day of the administrative hearing, the ALJ determined that: Exhibit S75 was the same as Exhibit D112; Exhibit S76 was the same as Exhibit D95; Exhibit S77 was the same as Exhibit D96; Exhibit S78 was the same as Exhibit D100; and, Exhibit S79 was the same as Exhibit D156. These exhibits were entered into evidence by the ALJ under their District exhibit designation. (*See* AR 7683). To add them to the record now as Petitioners' Exhibits S75-79 would be duplicative and pointless.

### B.   Plaintiff's Additional Testimony

Plaintiff alleges that the ALJ "frequently denied or curtailed efforts by Plaintiff to rebut evidence submitted by PUSD on various issues." However, Plaintiff fails to point to specific instances in the record where her attempts to rebut evidence were denied or curtailed. Plaintiff presents this Court with twenty-seven pages of her proposed new rebuttal testimony (*See* Pl's Mot. Ex. B). In describing this proposed new testimony, Plaintiff simply recites what she or T.P. could have (wished they had) testified to during the hearing. Plaintiff provides absolutely no explanation as to why this rebuttal testimony could not have been presented during the administrative hearing.

Since Plaintiff does not point to specific testimony in the record that she wishes to rebut and fails to specifically describe the testimony she wishes to add to the record, it is difficult to determine whether the proposed rebuttal testimony is relevant or whether its addition to the record would change the character of the proceeding.

The deficiencies in Plaintiff's Motion are further clarified when it is compared to a similar motion filed by the plaintiffs in *M.M. v. Lafayette School District*, 2011 WL 5190033 (N.D. Cal. 2011). In *M.M.*, the parent plaintiffs filed a motion to supplement the administrative record with the district court. The plaintiffs asked that ten specific, clearly identified, items be added to the record. These included a recent psychological evaluation, specific emails and letters not disclosed by the school prior to the administrative hearing, and a corrected transcript of one of the parents' experts.

In *M.M.*, the plaintiffs' clear identification of the evidence that they wished to add to the record allowed the defendants to make a specific response to each item and provided the Court an adequate basis for its ruling. By contrast, in the present case, Plaintiff, in the first item listed in her Exhibit B, states only that she wishes to rebut David Boone's testimony, "re: T.P.'s Work/Progress in His Econ Class." Plaintiff does not inform this Court that Mr. Boone is a teacher at New Way Learning Academy who was called as a witness by the District on the fifth day of the administrative hearing. Mr. Boone's direct and redirect testimony consists of forty-nine pages in the record. His cross examination by Plaintiff's attorney was twenty-one pages long.

Arguably, all of Mr. Boone's testimony goes to T.P.'s work and progress in his class. It is impossible to determine just what part of Mr. Boone's testimony Plaintiff wishes to rebut or specifically what testimony Plaintiff wishes to present to rebut it. The only description provided by Plaintiff as to the proposed rebuttal evidence is testimony from T.P. that she did poorly in Mr. Boone's class. Plaintiff did not call T.P. as a rebuttal witness at the hearing even though she testified in Plaintiff's case in chief and was apparently available. Plaintiff did call Ms. Pangerl as a rebuttal witness at the administrative hearing. Her rebuttal testimony consists of approximately two pages. Plaintiff should not now, after months of reflection, be permitted to supplement the record with the rebuttal testimony she wished had been elicited during the administrative hearing.

Plaintiff's other requested additions to the record follow a similar pattern: general descriptions of the evidence to be rebutted and an equally general description of additional evidence – typically testimony – that she wishes to present.

Plaintiff argues that the ALJ violated her right to due process by limiting her ability to admit evidence at the administrative hearing. Yet, again, Plaintiff does not state specific instances from the record where her due process rights were allegedly violated. The administrative hearing in this matter lasted twelve days, the parties offered

7

over 240 exhibits into evidence, and the ALJ heard testimony from at least a dozen witnesses. Surely, Plaintiff was allowed sufficient time to make her case.

### IV. PLAINTIFF'S ALTERNATIVE MOTION TO SUPPLEMENT IF HER MOTION IN LIMINE IS NOT GRANTED SHOULD BE DENIED

Plaintiff filed her Motion in Limine and Motion to Supplement together and makes an alternative argument in her Motion to Supplement as to "evidence that should supplement the record ONLY IF this Court does not exclude certain evidence in the Motion in Limine." (Emphasis in original). Plaintiff begins this section of her Motion with the statement:

> The Administrative Record is replete with evidence presented by PUSD that should not have been admitted by ALJ Bryant, this is why the record is so large and unwieldy.

(Pl's Mot. 7).

Plaintiff's overly broad and unsupported statement that the administrative record in this matter is "large and unwieldy" due to the ALJ's numerous errors in allowing in inadmissible evidence is disingenuous. There are a number of reasons why the administrative record in this matter is approximately 8,000 pages long. The blame for the length of the administrative record in this matter, if any there be, can surely be attributed to the fact that the hearing was twelve days long and more than 240 exhibits were admitted. That said, it should also be noted the ALJ stated in his Decision that Plaintiff's Post-Hearing Memoranda was disorganized, often unclear and at times lacked supporting citations to the record. (ALJ's Decision n. 1). This same lack of direction is seen time and time again throughout the record in this matter and is a much more significant contributing factor to the long and unwieldy record than the ALJ's alleged inclusion of evidence that Plaintiff argues is inadmissible.

Finally, Plaintiff asks to file a *second* motion to supplement the administrative record if her Motion in Limine is not granted. This is clearly counter to this Court's scheduling order in this matter and the request should be denied.

## V. CONCLUSION

Plaintiff simply has not met the standard required to supplement the record in this matter. She has not clearly identified what part of the record she wishes to rebut. She has failed to clearly identify what evidence she wants to submit to rebut evidence in the record. She has failed to rebut the presumption that a witness that testified before the ALJ is foreclosed from providing additional testimony before the reviewing court.

The District agrees that Exhibits S52 and S80 should be included in the administrative record. However, this should be accomplished by the Arizona OAH forwarding these exhibits to the Court. The District does not agree to allow Plaintiff to provide new copies of these recordings directly to this Court without first allowing the District to verify that the new recordings are identical to those accepted into evidence during the administrative hearing.

Except for the addition of copies of Exhibits S52 and S80 to the record, Plaintiff's Motion should be denied.

DATED: this 24th day of June, 2015

UDALL, SHUMWAY P.L.C.

By: /s/ Cathleen M. Dooley
Cathleen M. Dooley
Erin H. Walz
1138 North Alma School Road, Suite 101
Mesa, Arizona  85201
Attorneys for Peoria Unified School District #11

/    /    /
/    /    /
/    /    /
/    /    /
/    /    /
/    /    /
/    /    /

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2015, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system, which will send notification of such filing to all parties of record.

By: /s/ *Michelle Barraza*

4340393.1 /June 18, 2015
109346.3