**WO**                              NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Regina Pangerl, | No. CV-14-00836-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Peoria Unified School District, | |
| Defendant. | |

At issue are Plaintiff's Motion to Strike Portions of Answer and/or to Compel Amended Answer (Doc. 52), to which Defendant filed a Response (Doc. 55); Plaintiff's Motion to Compel Discovery (Doc. 54), to which Defendant filed a Response (Doc. 56); and, included in Defendant's latter Response, Defendant's Motion for Protective Order and Fees (Doc. 56), to which Plaintiff did not file a Response.

The present Motions center on the meaning of the Court's February 13, 2015 Order (Doc. 39, Order) resolving Plaintiff's Motion to Amend Complaint (Doc. 29) and Motion for Supplemental Rule 16 Conference (Doc. 33). In that Order, the Court stated:

> Plaintiff has now filed a motion to amend the Complaint to add three new claims under the Rehabilitation Act, the Americans with Disabilities Act, and Arizona law, which changes the complexion of this case from a straightforward appeal of an administrative decision to one that also includes claims that may be resolved for the first time by the Court. (Doc. 29.) Defendant has no objection to Plaintiff's filing of an Amended Complaint, but rightly points out that the amendment contains new claims of a distinct evidentiary character, and, as such, Defendant asks that the

Court resolve the appeal on the currently set schedule and turn to Plaintiff's new claims thereafter. (Docs. 35, 38.) The Court agrees that this would be the most efficient way to manage this case, given that Plaintiff's new claims are related to her existing appeal of the administrative decision.

(Order at 1-2.) The Court thus postponed setting a supplemental Scheduling Conference for the management of Plaintiff's new claims—claims for which a discovery schedule must still be established. (Order at 2.) The Court concluded it would set a supplemental Scheduling Conference if necessary upon resolution of Plaintiff's original claim—an administrative appeal that required no new discovery and for which the case management schedule was already established. (Order at 2.) In granting Defendant's request to postpone the case management of Plaintiff's new claims until the original appeal is resolved, the Court essentially stayed the parties' activities on the new claims until that time.[1]

Plaintiff now moves under Federal Rule of Civil Procedure 12(f) to strike the portions of Defendant's Amended Answer that address Plaintiff's new claims, arguing that they "were not made in good faith in violation of the pleading rules" because they were "unqualified denials" of Plaintiff's claims. (Doc. 52 at 4.) The Court will deny Plaintiff's Motion for the reasons set forth by Defendant in its Response, any of which would be sufficient grounds for denial of the Motion. (*See* Doc. 55.) Specifically, the Motion is tardy; Rule 12(f) provides that Plaintiff had 21 days to file the Motion after being served with Defendant's Amended Answer, yet Plaintiff waited about six months to file the Motion. Furthermore, while Plaintiff argues sections of Defendant's Amended Answer were impertinent and scandalous, Plaintiff does not begin to demonstrate either. Accordingly, Plaintiff's Motion to Strike must be denied.

---

[1] After the Court entered its Order (Doc. 39) stating that activity on Plaintiff's new claims would be postponed until resolution of Plaintiff's original appeal, Plaintiff filed a Motion *in Limine* and a Motion to Supplement with respect to the Administrative Record for the appeal. (Docs. 43, 44.) Plaintiff then filed a Motion for Extension of Time (Doc. 51), asking that the parties be given until 60 days after the Court rules on the Motion *in Limine* and Motion to Supplement to file their Opening Briefs in the appeal. The Court granted that Motion. (Doc. 53.)

Plaintiff also moves to compel Defendant to respond to Interrogatories, Requests to Admit and Requests for Production of Documents propounded by Plaintiff on Defendant with respect to Plaintiff's new claims. (Doc. 54.) Because the Court stayed litigation of Plaintiff's new claims until the resolution of Plaintiff's original appeal—and, indeed, the parties have not yet conferred under Federal Rule of Civil Procedure 26(f) nor has the Court established a discovery schedule—the Court will deny Plaintiff's Motion to Compel (Doc. 54) and grant Defendant's Motion for Protective Order (Doc. 56). Defendant is not required to answer Plaintiff's pending discovery requests, and the parties shall not propound further discovery, until the Court sets a discovery schedule on Plaintiff's new claims, if necessary. However, the Court will deny both parties' requests for attorneys' fees with respect to these Motions.

IT IS THEREFORE ORDERED denying Plaintiff's Motion to Strike Portions of Answer and/or to Compel Amended Answer (Doc. 52).

IT IS FURTHER ORDERED denying Plaintiff's Motion to Compel Discovery (Doc. 54).

IT IS FURTHER ORDERED granting in part and denying in part Defendant's Motion for Protective Order and Fees (Doc. 56). Defendant is not required to answer Plaintiff's pending discovery requests, and the parties shall not propound further discovery, until the Court sets a discovery schedule on Plaintiff's new claims, if necessary. The Court denies both parties' requests for attorneys' fees associated with these Motions.

Dated this 14th day of December, 2015.

Honorable John J. Tuchi
United States District Judge