WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Regina Pangerl,<br><br>                    Plaintiff,<br><br>v.<br><br>Peoria Unified School District,<br><br>                    Defendant. | No. CV-14-00836-PHX-JJT<br><br>**ORDER** |

At issue are Plaintiff Regina Pangerl's Motion *in Limine* as to the Administrative Record (Doc. 43, "Mot. to Exclude"), to which Defendant Peoria Unified School District ("the District") filed a Response (Doc. 49, "Resp. to Mot. to Exclude"); Plaintiff's Motion to Supplement the Administrative Record (Doc. 44, "Mot. to Supplement"), to which the District filed a Response (Doc. 50, "Resp. to Mot. to Supplement"); the District's Motion to Quash Plaintiff's Subpoena *Duces Tecum* (Doc. 59), to which Plaintiff filed a Response (Doc. 61); and Plaintiff's Request for Status of these Motions (Doc. 62).

**I.     BACKGROUND**

In the first cause of action of the First Amended Complaint ("FAC"), Plaintiff raises a claim against the District on behalf of herself and her minor daughter, T.P., to appeal an administrative decision under the Individuals with Disabilities Education Act, 20 U.S.C. § 1415(i) ("IDEA"). (Doc. 40, FAC ¶¶ 1, 66-68.) Plaintiff alleges T.P. has

learning disabilities and the District failed to provide her with a Free Appropriate Public Education ("FAPE") from 2010 to 2013, as required under IDEA, by among other things failing to properly develop and design an Individualized Education Program ("IEP"), failing to provide the requisite speech and language, reading, math and writing instruction services, failing to fully assess T.P., failing to provide an appropriate plan to allow T.P. to transition out of high school, and retaliating against T.P. for her parents' attempts to enforce their rights under special education laws. (FAC ¶¶ 14-18, 23, 67.) On January 13, 2013, Plaintiff filed a Due Process Complaint with the Arizona Department of Education, Exceptional Student Services, Dispute Resolution Unit. (FAC ¶ 20.) Administrative Law Judge ("ALJ") Eric A. Bryant held hearings on Plaintiff's Due Process Complaint between September 3, 2013, and October 8, 2013, and issued a Decision on March 18, 2014, ordering the District to provide T.P. with an additional 40 hours of special education math instruction but denying all other requested relief. (FAC ¶¶ 21, 25, 27-28.)

In the FAC, Plaintiff alleges ALJ Bryant erred by, among other things, considering irrelevant or extrinsic evidence and disregarding relevant evidence, finding the transition plan in the IEPs to be appropriate, finding the District properly implemented most aspects of the IEPs, and finding the District provided T.P. with a FAPE over the relevant period with the exception of math instruction. (FAC ¶ 68.) Plaintiff requests that the Court vacate the ALJ's March 18, 2014 Decision, find that the District denied T.P. a FAPE, award compensatory education services for the 2011-2013 school years as well as transition services, and award Plaintiff her expenses, attorneys' fees and costs in enforcing T.P.'s special education rights. (FAC at 22-23.)

Plaintiff filed her Complaint in this action on April 21, 2014, alleging a single cause of action under IDEA to appeal the administrative decision. (Doc. 1.) On August 18, 2014, Plaintiff served the Complaint on the District. (Doc. 7.) On September 8, 2014, the District filed its Answer to Plaintiff's Complaint (Doc. 11), and on October 27, 2014, the Court ordered that Plaintiff file any evidentiary motions by December 15, 2014 and that the parties file simultaneous Opening Briefs by April 10,

2015. (Doc. 19.) On December 12, 2014, Plaintiff filed an emergency motion to extend the time to file evidentiary motions (Doc. 21), which the Court granted, giving Plaintiff until February 17, 2015 to file evidentiary motions and the parties until June 15, 2015 to file Opening Briefs (Doc. 22).

On January 26, 2015, some nine months after filing her initial Complaint, Plaintiff filed a motion to amend the Complaint to add three new claims under the Rehabilitation Act, the Americans with Disabilities Act, and Arizona law, which would change the complexion of this case from a straightforward appeal of an administrative decision to one that also includes federal and state law claims that would be resolved for the first time by the Court. (Doc. 29.) The District had no objection to Plaintiff's filing of an Amended Complaint, but, considering that the amendment contained new claims of a distinct evidentiary character, the Court concluded it would be most efficient to resolve the appeal on the currently set schedule and turn to Plaintiff's new claims thereafter, if necessary. (Docs. 35, 38, 39.) With the Court's permission, Plaintiff filed the FAC on February 18, 2015. (Doc. 40.)

Plaintiff filed another motion for extension of time on February 9, 2015 (Doc. 33), which the Court granted, giving Plaintiff until April 20, 2015 to file the evidentiary motions (Doc. 36). Plaintiff filed the present Motions on April 20, 2015 (Docs. 43, 44), and, after the Court granted the District an extension of time to respond, the District filed its Responses on June 24, 2015 (Docs. 49, 50). The Court effectively stayed litigation of Plaintiff's other claims until resolution of Plaintiff's first cause of action, the appeal of the administrative decision under IDEA. (Docs. 39, 57.)

**II.    ANALYSIS**

    **A.    Motion to Exclude Evidence from the Administrative Record**

In the first Motion, styled a Motion *in Limine*, Plaintiff asks the Court to exclude from the pre-existing Administrative Record portions of evidence that Plaintiff believes the ALJ should not have considered in reaching his Decision. (Mot. to Exclude at 5.) The evidence at issue falls into four categories based on Plaintiff's allegations: (1) evidence

not timely disclosed to Plaintiff; (2) evidence that predates or postdates the claim period; (3) evidence that the District obtained by illegal subpoena; and (4) other improper evidence. (Mot. to Exclude at 5-6.) Plaintiff does not provide any legal support for the proposition that, in an appeal of an administrative decision under IDEA, a district court may properly exclude or strike evidence contained in the pre-existing Administrative Record.

In Response, the District points out that a motion *in limine* is a vehicle for obtaining a trial court's guidance on the admissibility of evidence and is inappropriate in an appeal. (Resp. to Mot. to Exclude at 1-2.) The District contends that Plaintiff's Motion amounts to a request for the Court to review the propriety of the ALJ's evidentiary rulings in the context of Plaintiff's appeal of the ALJ's Decision. (Resp. to Mot. to Exclude at 2.)

The Court agrees that the Administrative Record is the Administrative Record as it came to the Court and existed prior to the initiation of this appeal. Striking evidence contained in the Administrative Record and potentially considered by the ALJ, as urged by Plaintiff, is inappropriate.

Moreover, while Plaintiff's Motion is "*in limine*" to the extent Plaintiff filed it "at the threshold" of this appeal, the Motion is at the very least unconventional in the context of an appeal. In actuality, the Motion challenges the ALJ's evidentiary rulings below, presenting issues that are ordinarily raised in a party's Opening Brief on appeal. Indeed, the Court could construe Plaintiff's Motion as an end-run around the page limitation on Plaintiff's Opening Brief. Nevertheless, because the parties have fully briefed the propriety of the ALJ's consideration of certain evidence in reaching his Decision, the Court will now examine those evidentiary rulings. The Court notes it can only reach conclusions regarding the ALJ's consideration of certain evidence to the extent that is possible outside the Court's ultimate evaluation of the propriety of the ALJ's Decision as a whole—an evaluation the Court will undertake when this appeal is briefed.

On appeal, this Court reviews the ALJ's factual determinations for "clear error" and the ALJ's ultimate determination of the appropriateness of T.P.'s IEP *de novo*. *Adams v. Oregon*, 195 F.3d 1141, 1145 (9th Cir. 1999). The Court gives "due weight to the [ALJ's] administrative proceeding and [does] not substitute [its] opinions of sound educational policy for those of the school authorities which [it is] reviewing." *Id.*

> In determining the degree of deference owed to the administrative findings, [this] court, in recognition of the expertise of the administrative agency, must consider the findings carefully and endeavor to respond to the [ALJ's] resolution of each material issue. After such consideration, [this] court is free to accept or reject the findings in part or in whole. Nevertheless, the amount of deference bestowed upon the [ALJ] is increased where [his] findings are thorough and complete.

*Id.* (internal quotations omitted).

With regard to Arizona administrative hearings such as those the ALJ held, while the Federal Rules of Evidence do not apply, all relevant evidence is admissible at the hearings. *See* A.R.S. § 41-1092.07(D). Evidence is relevant if it tends to make a fact more or less probable than it was without the evidence and the fact is of consequence in resolving the issue. *See* Ariz. R. Evid. 401; Fed. R. Evid. 401. The Court applies the "harmless error" test to the ALJ's evidentiary rulings because, under IDEA, Plaintiff cannot bring an action in this Court for judicial review of the administrative proceedings conducted unless Plaintiff is "aggrieved" by the results of those proceedings. *See* 20 U.S.C. § 1415(i)(2)(A). In this context, harm is the loss of an educational opportunity for the child. *See id.*; *R.B. ex rel. F.B. v. Napa Valley Unified Sch. Dist.*, 469 F.3d 932, 942 (9th Cir. 2007).

### 1. Evidence Allegedly Not Timely Disclosed to Plaintiff

Plaintiff first argues that the ALJ erred when he admitted four exhibits that the District did not timely provide to Plaintiff prior to the hearings. (Mot. to Exclude at 6, Ex. A.) IDEA and the regulations implementing it prohibit the introduction of evidence at an administrative hearing that was not disclosed at least five business days before the hearing. 20 U.S.C. § 1415(f)(2)(A); 34 C.F.R. § 300.512(a)(3).

With respect to the four challenged exhibits, the record shows that the District withdrew one of them—portions of Exhibit D36 Plaintiff claims were not timely disclosed—prior to the hearings, so it was not moved into evidence. Moreover, Plaintiff herself moved two others—Exhibits D54 and D60—into evidence at the hearings; Plaintiff cannot now claim harm from evidence that she herself moved to admit.

The District concedes that it provided to Plaintiff the last challenged exhibit, D161, one day late, but points out that the ALJ explicitly found the District's short delay was justified by Plaintiff's tardiness in both filing and serving on the District an ALJ-ordered clarification of one of the substantive issues. (*See* Resp. to Mot. to Exclude, Ex. B (citing Admin. R. ("A.R.") at 3571-83).) The Court finds no error in the ALJ's ruling, particularly in light of the facts that Plaintiff had received the substance of Exhibit D161 prior to the deadline, Plaintiff did not object when the District moved Exhibit D161 into evidence, and Plaintiff does not demonstrate how admission of Exhibit D161 harmed her. Indeed, because the ALJ refers neither to Exhibit D161 nor its contents in his Decision, the effect of the admission of Exhibit D161 on his Decision is too attenuated for the Court to find harm.

In sum, the Court finds no merit in Plaintiff's argument that the ALJ erred in admitting evidence Plaintiff alleges the District disclosed fewer than five days before the hearings.

### 2. Evidence that Predates or Postdates the Claim Period

Plaintiff next provides the Court with lists of exhibits in the Administrative Record that either predate or postdate the period Plaintiff argues is relevant for the purposes of evaluating T.P.'s IEPs, implying that the ALJ erred in considering these exhibits. (Mot. to Exclude, Exs. B, C.) As the District points out, many of these exhibits were never admitted into evidence, so Plaintiff's argument that the ALJ somehow erred with respect to admitting these exhibits is meritless. (*See* Resp. to Mot. to Exclude (citing Exhibits D3, D48, D49 and D53).)

As for the admitted exhibits Plaintiff argues predate the relevant period, Plaintiff does not identify for the Court whether the ALJ relied on any of these exhibits in reaching his Decision and thus whether Plaintiff could have been harmed by their admission. Furthermore, the Court does not agree with Plaintiff's contention that any evidence that predates the preparation period of the IEPs at issue is *per se* irrelevant. (*See* Mot. to Exclude at 6-7.). Plaintiff misapprehends *Adams* in support of her argument. In *Adams*, the court concluded that evidence of a child's progress after implementation of an IEP was not relevant to the inquiry whether the IEP was appropriate when implemented. *See* 195 F.3d at 1149; *Marc M. ex rel. Aidan M. v. Dep't of Educ., Hawai'i*, 726 F. Supp. 2d 1235, 1243 (D. Hawai'i 2011). *Adams* does not stand for the proposition that an ALJ may not consider as relevant any evidence from outside the statute of limitations period, as Plaintiff would have the Court believe. In her Opening Brief in this appeal, Plaintiff may identify evidence that was admitted over her objection on these grounds and that she believes was not relevant to the ALJ's Decision, if she can also show how admission of that evidence harmed her by, for example, the ALJ's reliance on that evidence in his Decision.

Evidence that postdates the IEPs at issue may or may not be irrelevant to the ALJ's Decision under *Adams. E.M. ex rel. E.M. v. Pajaro Valley Unified Sch. Dist. Office of Admin. Hr'gs*, 652 F.3d 999, 1006 (9th Cir. 2011) ("But that exclusive use of hindsight is forbidden does not preclude consideration of subsequent events. The clear implication of permitting some hindsight is that additional data, discovered late in the evaluation process, may provide significant insight into the child's condition, and the reasonableness of the school district's action, at the earlier date.") However, Plaintiff again does not point to specific postdated evidence admitted over her objection on these grounds and identify why it was irrelevant, whether the ALJ relied on it, and how its admission harmed her. Plaintiff may do so in her Opening Brief in this appeal, but must do so on an individualized, exhibit-by-exhibit basis.

### 3. Evidence Allegedly Obtained by Illegal Subpoena

Plaintiff next provides the Court with a list of exhibits that Plaintiff alleges the District obtained by subpoena from New Way Learning Academy, a private school T.P. attended, but did not provide to Plaintiff prior to the hearings. (Mot. to Exclude, Ex. D.)

The District points out a number of defects in Plaintiff's argument, and the Court agrees with all of them. First, the record shows that six of the exhibits Plaintiff lists were never admitted into evidence. Of the remaining exhibits, Plaintiff did not object to their admission on these grounds at the hearings, thus waiving the right to raise the propriety of their admission in this Court. *Marbled Murrelet v. Babbitt*, 83 F.3d 1060, 1066 (9th Cir. 1996) ("By failing to object to evidence at trial and request a ruling on such an objection, a party waives the right to raise admissibility issues on appeal."); *United States v. Gomez-Norena*, 908 F.2d 497, 500 (9th Cir. 1990) ("[A] party fails to preserve an evidentiary issue for appeal not only by failing to make a specific objection, but also by making the *wrong* specific objection.") Even if Plaintiff had objected to the admission of these exhibits, she does not now show how their admission harmed her. For all of these reasons, Plaintiff's challenge in this Court to the ALJ's admission of the New Way Learning Academy exhibits has no merit.

### 4. Other Evidence

Plaintiff also argues that the ALJ erred when he admitted Exhibit D156, a redacted version of a letter, when an unredacted version was apparently available. (Mot. to Exclude at 10.)[1] Once again, Plaintiff waived her challenge in this Court by failing to object to the admission of Exhibit D156 at the hearings.

For all the foregoing reasons, the Court will deny Plaintiff's Motion *in Limine* as to the Administrative Record (Doc. 43).

---

[1] Plaintiff also argues again, at length, that the ALJ should not have admitted Exhibit D161, which the District provided to Plaintiff one day beyond the five day deadline for disclosures. Plaintiff's argument has no merit for all the reasons the Court already set forth in this Order.

### B. Motion to Supplement the Administrative Record

In her Motion to Supplement, Plaintiff asks the Court for leave to provide additional evidence beyond the Administrative Record for the Court's consideration in determining whether the District provided T.P. with a FAPE, and Plaintiff generalizes this proposed evidence in two groups: (1) admitted evidence that is missing from the Administrative Record provided to the Court, and (2) additional rebuttal evidence.

Judicial review in IDEA cases differs from that in other agency actions, in which courts are generally confined to the administrative record. *See* 20 U.S.C. § 1415(i)(2). For this Court to determine whether to supplement the administrative record with additional evidence in an IDEA case, the proper inquiry is whether the proposed additional evidence is relevant, non-cumulative and otherwise admissible. *Pajaro Valley*, 652 F.3d at 1004-05; *see also* 20 U.S.C. § 1415(i)(2)(C)(ii). In reviewing an ALJ's decision under IDEA, additional evidence may be excluded in this Court's discretion where the proposed evidence repeats or embellishes evidence from the administrative hearings, or changes the character of the proceeding from one of review to a trial *de novo*. *Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1473 (9th Cir. 1993). "A practicable approach . . . is that an administrative hearing witness is rebuttably presumed to be foreclosed from testifying" for the purpose of the appeal in the district court. *Id.* (quoting *Town of Burlington v. Dep't of Educ.*, 736 F.2d 773, 791 (1st Cir. 1984)). "In ruling on motions for witnesses to testify, a court should weigh heavily the important concerns of not allowing a party to undercut the statutory role of administrative expertise, the unfairness involved in one party's reserving its best evidence for trial, the reason the witness did not testify at the administrative hearing, and the conservation of judicial resources." *Id.* (quoting *Town of Burlington*, 736 F.2d at 790-91).

In addition to showing that proposed additional evidence is relevant, non-cumulative and otherwise admissible, the party proffering the additional evidence must show that there is a justification for the fact that it is missing from the administrative record. *Id.* "The reasons for supplementation will vary; they may include gaps in the

administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing. The starting point for determining what additional evidence should be received, however, is the record of the administrative proceeding." *Id.* (quoting *Town of Burlington*, 736 F.2d at 790-91).

### 1. Missing Evidence

Plaintiff claims, and the District agrees, that two audio recordings that the ALJ admitted at the hearings—Exhibits S52 and S80—were not part of the Administrative Record provided to this Court. Accordingly, the Court will order the District to supplement the Administrative Record with these Exhibits. Plaintiff also states that she intends to prepare certified transcripts of these audio recordings. (Mot. to Supplement at 6.) Although Plaintiff did not ask the ALJ for leave to make a certified transcript of the audio recordings let alone try to move transcripts into evidence, and although the Court could find transcripts duplicative of the audio recordings themselves, the Court will permit Plaintiff, at her own expense, to provide the District and the Court with certified transcripts of the audio recordings, should she desire. The Court will also give the District the opportunity to make any objections to the transcripts.

Plaintiff also argues that a number of other Exhibits—S75 through S79—are missing from or mis-located in the Administrative Record. (Mot. to Supplement at 6.) As the District points out, however, the record shows that the ALJ determined that these Exhibits were duplicative of others and eliminated the duplication. (Resp. to Mot. to Supplement at 6 (citing A. R. at 7683).)

### 2. Additional Rebuttal Evidence

Plaintiff asks to supplement the Administrative Record with 79 pieces of additional evidence because she believes the ALJ did not give her a fair opportunity to rebut the District's evidence at the hearings. (Mot. to Supplement at 7, Ex. B.) She also asks that, if the Court denies her motion to exclude evidence she believes was wrongly admitted by the ALJ, she be given additional time to provide the Court with additional

rebuttal evidence, which is "too substantial to present to the Court at this time." (Mot. to Supplement at 7.) As discussed above, the Court is denying Plaintiff's motion to exclude evidence from the Administrative Record because Plaintiff failed to object to the ALJ's admission of the evidence she now asks the Court to exclude, among other problems.

Plaintiff gives the Court no way to properly weigh the various concerns involved in allowing supplementation of the Administrative Record. Under IDEA, Plaintiff has the burden to make an individualized showing, for each proffered piece of additional evidence, that the evidence is relevant, non-cumulative and otherwise admissible. *Pajaro Valley*, 652 F.3d at 1004-05. Plaintiff must also explain why the evidence is missing from the Administrative Record, whether due to an unavailable witness, a mechanical failure, or some other reason. *Ojai*, 4 F.3d at 1473. Moreover, to justify additional testimony from a witness who testified at the hearings, Plaintiff must rebut the presumption against such testimony, including explaining why the witness did not provide the now-proffered testimony at the hearings in the first place. *Id.*

All that Plaintiff provides in support of her request to supplement the Administrative Record is a generalized proffer of the evidence in Exhibit B to the Motion. (Mot. to Supplement, Ex. B.) For example, the very first proffer is a description of additional testimony from T.P. to explain that she did not complete her Economics class assignments by herself. Plaintiff does not explain why T.P. did not give this testimony at the hearings in the first place or examine how the testimony is relevant, non-cumulative and otherwise admissible. Exhibit B thus fails to make the required showing for any proffered additional evidence and—although the Court reviewed each generalized description of proffered evidence in Exhibit B and endeavored to weigh the relevant concerns—the Court was unable to find that Plaintiff made the requisite showing such that the Court could authorize Plaintiff to supplement the Administrative Record.

The Court must also deny Plaintiff's request for more time to identify even more additional evidence for the Court that Plaintiff states was "too substantial to present to the Court" at the time of Plaintiff's filing of the Motion to Supplement. By participating in

the hearings, Plaintiff knew what evidence the ALJ admitted. Plaintiff filed this action on April 21, 2014 and served the Complaint on the District four months later, on August 18, 2014. (Docs. 1, 7.) On October 27, 2014, the Court ordered that Plaintiff file any evidentiary motions by December 15, 2014. (Doc. 19.) The Court granted Plaintiff's requests for two extensions of time, eventually setting the evidentiary motion deadline on April 20, 2015. (Docs. 21, 33.) Plaintiff thus had an entire year from the filing of the Complaint to the evidentiary motions deadline to identify additional evidence Plaintiff desired to bring to this Court in its consideration of Plaintiff's administrative appeal, and Plaintiff has never argued to the Court that any of the proposed additional evidence is new or previously unavailable. Plaintiff has provided the Court with absolutely no reason for Plaintiff's inability to proffer the desired additional evidence in a timely fashion. The Court cannot now countenance yet another extension to allow Plaintiff time to try to substantiate supplementing the Administrative Record, a burden Plaintiff utterly failed to carry in the present Motion to Supplement. Accordingly, except to the limited extent identified above, the Court will deny Plaintiff's Motion to Supplement and the associated request for more time to file another Motion to Supplement.

   **C. The District's Motion to Quash Plaintiff's Subpoena *Duces Tecum***

   The District asks the Court to quash a subpoena *duces tecum* issued by Plaintiff to Valley Schools Insurance Trust, the District's insurance carrier (Doc. 59), arguing that, in prior Orders (Docs. 39, 57), the Court explicitly stayed discovery with respect to Plaintiff's newly-added claims until the resolution of Plaintiff's first cause of action, the administrative appeal. In response, Plaintiff argues that, under Federal Rule of Civil Procedure 45(d)(3), the District lacks standing to challenge a subpoena issued to a non-party and that, in any event, the subpoena seeks documents related to Plaintiff's first cause of action, the administrative appeal, which is not subject to the discovery stay on Plaintiff's newly filed claims. (Doc. 61.)

   Under Rule 45(d)(3)(A), a party to a lawsuit does not have standing to move to quash a subpoena issued to a non-party based on inadequate time to comply, geographical

limits, privilege or undue burden. By contrast, Rule 45(d)(3)(B) allows either a non-party to whom a subpoena was issued or a person "affected by a subpoena" to move to quash the subpoena to protect trade secrets, confidential information, or certain undisclosed experts' opinions. None of these are the basis of the District's motion to quash the subpoena issued to its insurer. Rather, the District contends that Plaintiff's subpoena was issued outside of an authorized discovery period.

The District does not attempt to demonstrate that it has standing to file the instant Motion to Quash on behalf of a non-party, and the Court would find that the District lacks the requisite standing. *See, e.g., Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 973-74 (C.D. Cal. 2012). However, Plaintiff has no basis to engage in discovery in this matter at this time. In their Proposed Case Management Plan (Doc. 16), the parties did not identify any discovery they intended to conduct apart from Plaintiff's proposal to conduct discovery if the Court granted her Motion to Supplement the Administrative Record. As a result, at the Scheduling Conference, the Court did not set a discovery period for Plaintiff's appeal of the administrative decision. (Doc. 19.) The Court has stayed discovery on Plaintiff's newly-filed claims and, as discussed above, the Court is denying Plaintiff's request to supplement the record with respect to the administrative appeal except as it pertains to exhibits the ALJ admitted into evidence but are missing from the Administrative Record provided to this Court. Plaintiff has not sought leave from the Court to conduct any other discovery in this matter, whether on the District or non-parties.

Under its inherent authority to manage its cases, the Court may deny a subpoena—or any discovery requests—that a party issues outside the authorized discovery period. *See, e.g., McNerney v. Archer Daniels Midland Co.*, 164 F.R.D. 584, 587-88 (W.D.N.Y. 1995). Accordingly, in the Court's discretion, the Court will quash Plaintiff's subpoena *duces tecum* issued on Valley Schools Insurance Trust.

IT IS THEREFORE ORDERED denying Plaintiff Regina Pangerl's Motion *in Limine* as to the Administrative Record (Doc. 43). In her Opening Brief in this appeal,

1 Plaintiff may identify specific evidence that she alleges predates or postdates the relevant time period and the ALJ admitted into evidence over her objection on these grounds, if she can show that the evidence was irrelevant, the ALJ relied on it, and its admission harmed her.

**IT IS FURTHER ORDERED** granting in part and denying in part Plaintiff's Motion to Supplement the Administrative Record (Doc. 44). The District shall supplement the Administrative Record with Exhibits S52 and S80 by March 4, 2016. Plaintiff, at her discretion and expense, may provide certified transcripts of these Exhibits to the Court and the District by March 18, 2016. Any objections the District may have to the certified transcripts shall be made in writing to the Court by April 1, 2016. Plaintiff's Motion to Supplement the Administrative Record is denied in all other respects, because Plaintiff failed to make the requisite showing that the proposed additional evidence is relevant, non-cumulative and otherwise admissible or explain why it is missing from the Administrative Record.

**IT IS FURTHER ORDERED** that, pursuant to the Court's August 20, 2015 Order (Doc. 53), the parties shall file simultaneous Opening Briefs on the merits of Plaintiff's first cause of action, namely the appeal of the administrative decision under IDEA, by April 1, 2016. The parties' simultaneous Responses are due April 22, 2016. The parties shall not file Replies without leave of Court.

**IT IS FURTHER ORDERED** denying the District's Motion to Quash Plaintiff's Subpoena *Duces Tecum* (Doc. 59). However, under the Court's inherent authority, the Court quashes Plaintiff's subpoena *duces tecum* on Valley Schools Insurance Trust because Plaintiff issued it outside an authorized discovery period.

**IT IS FURTHER ORDERED** denying Plaintiff's Request for Status of these Motions (Doc. 62) as moot.

Dated this 29th day of January, 2016.

Honorable John J. Tuchi
United States District Judge

- 14 -